# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re: §
§
CHRISTOPHER F. BALBOA, SR. § Case No. 12-18702
TERESITA D BALBOA §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                 $

  Funds were disbursed in the following amounts:

  Payments made under an interim disbursement
  Administrative expenses
  Bank service fees
  Other payments to creditors
  Non-estate funds paid to 3rd Parties
  Exemptions paid to the debtor
  Other payments to the debtor

  Leaving a balance on hand of[1]            $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Gregg Szilagyi_____
                                      Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 12-18702 TAB | Judge: | Honorable Timothy A. Barnes | Trustee Name: | Gregg Szilagyi |
| --- | --- | --- | --- | --- | --- |
| Case Name: | CHRISTOPHER F. BALBOA, SR. | | | Date Filed (f) or Converted (c): | 05/07/12 (f) |
| | TERESITA D BALBOA | | | 341(a) Meeting Date: | 06/22/12 |
| For Period Ending: 08/14/13 | | | | Claims Bar Date: | 09/26/12 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- | --- |
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Single Family Residence: located at 10208 Mclean Ave, Melro | 125,000.00 | 0.00 | | 0.00 | 0.00 |
| 2 | Cash on Hand | 50.00 | 0.00 | | 0.00 | 0.00 |
| 3 | Checking Account w/ Leyden CU | 900.00 | 0.00 | | 0.00 | 0.00 |
| 4 | Savings Account w/ w/ Leyden CU | 200.00 | 0.00 | | 0.00 | 0.00 |
| 5 | Misc. Household Goods (Bedroom Furniture, Kitchen Appliances | 1,500.00 | 750.00 | | 0.00 | 750.00 |
| 6 | Books, Pictures, Videos, and DVDs | 450.00 | 0.00 | | 0.00 | 0.00 |
| 7 | Used Clothing | 450.00 | 0.00 | | 0.00 | 0.00 |
| 8 | Misc. Costume Jewelry | 125.00 | 63.00 | | 0.00 | 63.00 |
| 9 | Whole Life Insurance Policy w/ - No current CSV | 0.00 | 0.00 | | 0.00 | 0.00 |
| 10 | 1376 shares or GE Stock - 1 share of stock is estimated at $ | 27,217.28 | 21,179.28 | | 29,773.52 | FA |
| 11 | 1996 Chevy Prism - Not Running | 200.00 | 0.00 | | 0.00 | 0.00 |
| 12 | 2001 Chevy Malibu -200,000 miles | 1,500.00 | 0.00 | | 0.00 | 0.00 |
| 13 | DIVIDENDS FROM GE STOCK (u) | Unknown | 0.00 | | 233.92 | FA |

TOTALS (Excluding Unknown Values)     $157,592.28     $21,992.28     $30,007.44

Gross Value of Remaining Assets
$813.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 12/31/13     Current Projected Date of Final Report (TFR): / /

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 12-18702 | Trustee Name: | Gregg Szilagyi |
| Case Name: | CHRISTOPHER F. BALBOA, SR. | Bank Name: | Associated Bank |
| | TERESITA D BALBOA | Account Number/CD#: | XXXXXX6185 - MONEY MARKET ACCOUNT |
| Taxpayer ID No: | XX-XXX9634 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 08/14/13 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/03/12 | 10 | CHRIS BALBOA | PREOCEEDS OF STOCK REDEMPTION | 1129-000 | 29,773.52 | | 29,773.52 |
| 10/03/12 | 13 | CHRIS BALBOA | GE DIVIDENDS | 1223-000 | 233.92 | | 30,007.44 |
| 10/11/12 | | Transfer to Acct#XXXXXX6193 | Transfer of Funds | 9999-000 | | 6,038.00 | 23,969.44 |
| 11/05/12 | | Associated Bank | Technology Fee | 2600-000 | | 15.40 | 23,954.04 |
| 12/07/12 | | Associated Bank | Technology Fee | 2600-000 | | 14.77 | 23,939.27 |
| 01/08/13 | | Associated Bank | Technology Fee | 2600-000 | | 15.25 | 23,924.02 |
| 02/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 44.52 | 23,879.50 |
| 03/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 40.15 | 23,839.35 |
| 04/05/13 | | Associated Bank | Technology Fee | 2600-000 | | 35.44 | 23,803.91 |
| 04/08/13 | | Associated Bank | | 2600-000 | | 8.95 | 23,794.96 |
| 05/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 42.90 | 23,752.06 |
| 06/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 44.26 | 23,707.80 |
| 07/08/13 | | Associated Bank | Technology Fee | 2600-000 | | 42.77 | 23,665.03 |
| 08/07/13 | | Associated Bank | Technology Fee | 2600-000 | | 44.13 | 23,620.90 |

| | | |
|---|---|---|
| COLUMN TOTALS | 30,007.44 | 6,386.54 | 23,620.90 |
| Less: Bank Transfers/CD's | 0.00 | 6,038.00 | |
| Subtotal | 30,007.44 | 348.54 | |
| Less: Payments to Debtors | 0.00 | 0.00 | |
| Net | 30,007.44 | 348.54 | |

| | | |
|---|---|---|
| Page Subtotals | 30,007.44 | 6,386.54 |

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2
Exhibit B

Case No: 12-18702
Case Name: CHRISTOPHER F. BALBOA, SR.
    TERESITA D BALBOA
Taxpayer ID No: XX-XXX9634
For Period Ending: 08/14/13

Trustee Name: Gregg Szilagyi
Bank Name: Associated Bank
Account Number/CD#: XXXXXX6193 - CHECKING ACCOUNT
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1<br>Transaction Date | 2<br>Check or Reference | 3<br>Paid To / Received From | 4<br>Description Of Transaction | Uniform Tran. Code | 5<br>Deposits ($) | 6<br>Disbursements ($) | 7<br>Account/CD Balance ($) |
|---|---|---|---|---|---|---|---|
| 10/11/12 |  | Transfer from Acct#XXXXXX6185 | Transfer of Funds | 9999-000 | 6,038.00 |  | 6,038.00 |
| 10/11/12 | 001001 | CHRISTOPHER F. BALBOA | EXEMPTION PAYMENT | 8100-002 |  | 6,038.00 | 0.00 |
| 11/05/12 |  | Associated Bank | Technology Fee | 2600-000 |  | 2.48 | -2.48 |
| 12/07/12 |  | Associated Bank | Technology Fee | 2600-000 |  | 3.72 | -6.20 |
| 01/08/13 |  | Associated Bank | Technology Fee | 2600-000 |  | 3.84 | -10.04 |

|  | Deposits | Disbursements | Balance |
|---|---|---|---|
| COLUMN TOTALS | 6,038.00 | 6,048.04 | -10.04 |
| Less: Bank Transfers/CD's | 6,038.00 | 0.00 |  |
| Subtotal | 0.00 | 6,048.04 |  |
| Less: Payments to Debtors | 0.00 | 6,038.00 |  |
| Net | 0.00 | 10.04 |  |

| TOTAL OF ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| MONEY MARKET ACCOUNT - XXXXXX6185 | 30,007.44 | 348.54 | 23,620.90 |
| CHECKING ACCOUNT - XXXXXX6193 | 0.00 | 10.04 | -10.04 |
|  | 30,007.44 | 358.58 | 23,610.86 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

Total Allocation Receipts: 0.00
Total Net Deposits: 30,007.44
Total Gross Receipts: 30,007.44

Page Subtotals     6,038.00     6,048.04

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-18702  
Debtor Name: BALBOA, CHRISTOPHER F. SR.  
Claims Bar Date: 09/26/12  

Date: August 14, 2013

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Gregg Szilagyi<br>542 South Dearborn Street<br>Suite 1060<br>Chicago, Illinois 60605 | Administrative | | $0.00 | $3,146.94 | $3,146.94 |
| 100 2200 | Gregg Szilagyi<br>542 South Dearborn Street<br>Suite 1060<br>Chicago, Illinois 60605 | Administrative | | $0.00 | $0.00 | $0.00 |
| 100 3410 | POPOWCER KATTEN LTD.<br>35 EAST WACKER DRIVE<br>CHCIAGO, ILLINOIS 60601 | Administrative | | $0.00 | $989.00 | $989.00 |
| 1 300 7100 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $0.00 | $13,905.51 | $13,905.51 |
| 2 300 7100 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $0.00 | $2,195.20 | $2,195.20 |
| 3 300 7100 | FIA CARD SERVICES, N.A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 | Unsecured | | $0.00 | $3,557.96 | $3,557.96 |
| 4 300 7100 | PYOD, LLC its successors and assigns as assignee<br>of Citibank<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | | $0.00 | $8,996.48 | $8,996.48 |
| 5 300 7100 | Jefferson Capital Systems LLC<br>Purchased From ASPIRE VISA<br>PO BOX 7999<br>SAINT CLOUD MN 56302-9617<br>Orig By: 1ST N AMER NATL<br>BANK VISA | Unsecured | | $0.00 | $11,291.77 | $11,291.77 |
| 6 300 7100 | Capital One, N.A.<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $0.00 | $604.25 | $604.25 |
| | Case Totals | | | $0.00 | $44,687.11 | $44,687.11 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-18702  
Case Name: CHRISTOPHER F. BALBOA, SR.  
             TERESITA D BALBOA  
Trustee Name: Gregg Szilagyi

    Balance on hand                                           $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Gregg Szilagyi | $ | $ | $ |
| Accountant for Trustee Fees: POPOWCER KATTEN LTD. | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses     $_____  
    Remaining Balance                                                 $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ | $ | $ |
| 2 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 3 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 4 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 5 | Jefferson Capital Systems LLC | $ | $ | $ |
| 6 | Capital One, N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE